[Cite as *Copley v. Westfield Group*, 2011-Ohio-4708.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STEVEN COPLEY

    Appellant

    v.

WESTFIELD GROUP

    Appellee

C.A. No.    10CA0054-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    09CIV1066

DECISION AND JOURNAL ENTRY

Dated: September 19, 2011

---

CARR, Judge.

{¶1} Appellant, Steven Copley, appeals the judgment of the Medina County Court of Common Pleas which granted summary judgment on his claims in favor of appellee, Ohio Farmers Insurance Co. This Court affirms.

I.

{¶2} Mr. Copley filed a complaint against Westfield Group, alleging claims for intentional infliction of emotional distress, breach of implied contract, promissory estoppel, and unlawful termination based on age discrimination. Westfield Group filed a motion to dismiss, arguing that Mr. Copley improperly named it as a defendant because Westfield Group is a mere trade name and that Mr. Copley in fact worked for Ohio Farmers Insurance Company ("Ohio Farmers"). Westfield Group further argued that the complaint failed to state a claim upon which relief could by granted as against Ohio Farmers. Mr. Copley filed an amended complaint asserting the same four claims but naming Ohio Farmers as the defendant.

{¶3} The trial court converted the motion to dismiss into a motion for summary judgment and established a briefing schedule. Westfield Group filed a supplemental brief in support of its motion for summary judgment. Mr. Copley filed a response in opposition, and Westfield Group replied. The trial court issued a judgment entry in which it recognized Mr. Copley's amended complaint and granted Westfield Group's motion for summary judgment. Mr. Copley filed a timely appeal, raising one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

"THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHEN GENUINE ISSUES OF MATERIAL FACT EXISTED REGARDING APPELLANT'S CLAIMS."

{¶4} Mr. Copley argues that the trial court erred by granting summary judgment in favor of Ohio Farmers on Mr. Copley's claims. This Court disagrees.

{¶5} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.* (1983), 13 Ohio App.3d 7, 12.

{¶6} Pursuant to Civ.R. 56(C), summary judgment is proper if:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327.

{¶7} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 449.

{¶8} As a preliminary matter, Ohio Farmers argues that Mr. Copley failed to meet his reciprocal burden because the only evidence he attached in opposition to the motion for summary judgment was a "self serving affidavit." This Court has rejected the proposition of law that an affidavit alone is insufficient to carry the nonmoving party's burden. *Stone v. Cazeau*, 9th Dist. No. 07CA009164, 2007-Ohio-6213, at ¶1 and 16 (overruling previous decisions to the contrary and holding that "a nonmoving party may defeat a properly supported motion for summary judgment with his own affidavit that demonstrates the existence of genuine issues of material fact."). This is not to say, however, that the mere existence of the nonmoving party's affidavit is sufficient to meet his reciprocal burden. While this Court will no longer discount a party's affidavit as "self serving," that affidavit may yet be ineffective to overcome the moving party's evidence if the affidavit "does not point to genuine issues of material fact." See *Estate of Malz v. Olivieri*, 9th Dist. No. 23724, 2007-Ohio-7048, at ¶7.

Breach of Implied Contract and Promissory Estoppel

{¶9} Mr. Copley does not dispute that he was an at will employee of Ohio Farmers. Under the employment at will doctrine, either the employer or employee may terminate the employment relationship at any time for any legal reason, whether with or without cause. *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, paragraph one of the syllabus. The doctrine is subject to two exceptions, however, specifically, when an express or implied contract for employment exists and through operation of promissory estoppel. Id. at paragraphs two and three. Mr. Copley argues that his employment at will relationship was altered under the theories of both implied contract and promissory estoppel.

{¶10} To prevail on a claim of breach of contract, Mr. Copley must prove the existence of a contract, that he performed under the terms of the contract, that Ohio Farmers breached, and that Mr. Copley suffered damage or loss as a result of the employer's failure to perform under the terms of the contract. *Kunkle v. Akron Mgt. Corp.*, 9th Dist. No. 22511, 2005-Ohio-5185, at ¶18. As an employee asserting employment pursuant to an implied contract, Mr. Copley "bears the heavy burden of demonstrating (1) assurances on the part of the employer that satisfactory work performance was connected to job security; (2) a subjective belief on the part of the employee that he could expect continued employment; and (3) indications that the employer shared the expectation of continued employment." *Craddock v. Flood Co.*, 9th Dist. No. 23882, 2008-Ohio-112, at ¶7, citing *Moss v. Electroalloys Corp.*, 9th Dist. No. 02CA008111, 2003-Ohio-831, at ¶12. To prevail on a claim for promissory estoppel, Mr. Copley must prove: "(1) a clear and unambiguous promise; (2) reliance on that promise; (3) reliance that was reasonable and foreseeable; and (4) damages caused by that reliance." *Current Source, Inc. v. Elyria City School Dist.*, 157 Ohio App.3d 765, 2004-Ohio-3422, at ¶31. Moreover, "[w]hether a plaintiff

proceeds under a theory of implied contract or promissory estoppel, *** specific representations leading to an expectation of continued employment are essential." *Craddock* at ¶8, citing *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, paragraph two of the syllabus.

{¶11} Frank Carrino averred in an affidavit that he is general counsel for Westfield Group which is a trade name for Ohio Farmers and its subsidiary insurance companies. Mr. Carrino averred that Mr. Copley was an at will employee of Ohio Farmers when he (Carrino) was hired in January, 2003. Mr. Carrino averred that there was no implied contract or other "meeting of the minds" between Ohio Farmers and Mr. Copley regarding on-going employment. Rather, the attorney averred that Ohio Farmers has a policy of terminating employees who are convicted of criminal offenses, that the company informed Mr. Copley that it would not determine his employment status until after his criminal case was resolved, and that, once resolved, Mr. Copley's criminal conviction prevented him from performing certain responsibilities associated with his job. Mr. Carrino averred that Mr. Copley's position as IT manager required him to travel out of state.

{¶12} In support of its assertion that it terminated Mr. Copley's at will employment for a legal reason, Ohio Farmers appended copies of documents from the Court of General Sessions, Horry County, South Carolina, evidencing Mr. Copley's 2006 indictment, and 2008 conviction and sentence for reckless homicide arising out of his killing of a pedestrian while he was driving while intoxicated. Mr. Copley was sentenced to five years in prison. The South Carolina court suspended his prison term on the condition that he successfully complete three years of probation, which he was allowed to serve in Ohio. Ohio Farmers appended a copy of portions of its employee handbook, evidencing its disciplinary policies, including termination of employment, for actions including criminal convictions. It also appended a copy of its employee

driving policy which indicates that employees may be terminated if they no longer qualify as an "Acceptable Driver," defined as a person who has a valid driver's license and no more than 79 points as determined by the company's point assignment schedule. Section 6.02 of the employee handbook states that employees will be assigned 80 points for violations including driving under the influence; reckless operation of an automobile, including alcohol related offenses; felonies involving the use of an automobile; and vehicular homicide. In addition, Ohio Farmers appended a copy of the Ohio Department of Rehabilitation and Correction, Adult Parole Authority Conditions of Supervision, which state that a person subject to supervision may not leave the state of Ohio without written permission of the Parole Authority.

{¶13} Based on a review of Ohio Farmers' evidence, this Court concludes that the employer met its initial burden to demonstrate that there was no implied contract for employment which overcame the presumption that Mr. Copley could be terminated at will for any lawful reason. Moreover, Ohio Farmers presented evidence that it had not made any promises of continued employment to Mr. Copley. Mr. Copley, on the other hand, failed to meet his reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. See *Tompkins*, 75 Ohio St.3d at 449.

{¶14} Mr. Copley attached only his affidavit in opposition to Ohio Farmers' motion for summary judgment. While Mr. Copley averred that "based upon Defendant's statements, representations and course of dealing," he believed he had an implied contract for continued employment, he admitted that Ohio Farmers informed him "on several occasions" that his employment could be jeopardized pursuant to the terms of the company's driving policy. Moreover, while he averred that he maintained a valid Ohio driver's license "with no points" assigned by the Bureau of Motor Vehicles, he did not dispute that he would have been assigned

80 points pursuant to company's driving policy for his conviction for reckless homicide. Although, he averred that he was never convicted of "driving under the influence" or a "drunk driving accident," he did not dispute that he was convicted of reckless operation or vehicular homicide. Under these circumstances, Mr. Copley's affidavit "does not point to genuine issues of material fact" so as to meet his reciprocal burden under *Tompkins* in support of his claims alleging breach of implied contract and promissory estoppel. See *Olivieri* at ¶7.

Intentional Infliction of Emotional Distress

**{¶15}** To prevail on a claim for intentional infliction of emotional distress, Mr. Copley must prove: "(1) the defendant intended to cause emotional distress, or knew or should have known his actions would result in serious emotional distress, (2) the defendant's conduct was so extreme and outrageous that it went beyond all possible bounds of decency, and can be considered completely intolerable in a civilized community, (3) the defendant's actions proximately caused psychic injury to the plaintiff, and (4) the plaintiff suffered serious mental anguish of a nature no reasonable man could be expected to endure." *Shetterly v. WHR Health Sys.*, 9th Dist. No. 08CA0026-M, 2009-Ohio-673, at ¶15, quoting *Jones v. White* (Oct. 15, 1997), 9th Dist. No. 18109. The Ohio Supreme Court has recognized the standard enunciated in comment d to Section 46 of the Restatement of Law 2d, Torts (1965) 71, 73, in defining the concept of "extreme and outrageous": "*** It has not been enough that the defendant acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Reamsnyder v. Jaskolski* (1984), 10 Ohio St.3d 150, 153.

{¶16} Mr. Copley argues that Ohio Farmers' termination of his employment was extreme and outrageous because it "came without any warning and caused [him] to experience loss of sleep, extreme nervousness and severe emotional distress." Ohio Farmers presented evidence that its company policy, as evidenced in the employee handbook, provided for termination of employment where an employee was convicted of a felony, committed a reckless homicide, or was no longer considered an "Acceptable Driver" as defined in the handbook. Mr. Carrino averred that it notified Mr. Copley that it would not make a determination as to his employment status until after his 2006 criminal case was resolved. Ohio Farmers presented evidence that, once Mr. Copley was convicted in 2008, it terminated his employment for his inability to perform certain job duties under the provisions of the employee handbook, including violations of the company driving policy. Mr. Copley conceded in his affidavit that Ohio Farmers had notified him "on several occasions" that his employment was in jeopardy if he violated the employer's written driving policy. Accordingly, the evidence submitted by both parties supports the conclusion that Mr. Copley's termination was not without warning. Moreover, a company's termination of an employee for violations of company policy does not rise to the level of extreme and outrageous conduct. Therefore, Mr. Copley has not pointed to any evidence in the record which creates a genuine issue of material fact regarding whether Ohio Farmers' "conduct was so extreme and outrageous that it went beyond all possible bounds of decency, and can be considered completely intolerable in a civilized community." See *Shetterly* at ¶15.

Age Discrimination

{¶17} In order to prevail in an employment discrimination action, the plaintiff-employee must first set forth facts which constitute a prima facie case of employment discrimination.

Absent direct evidence of age discrimination, in order to establish a prima facie case of age discrimination in an employment discharge action, Mr. Copley must demonstrate that he "(1) was a member of the statutorily protected class, (2) was discharged, (3) was qualified for the position, and (4) was replaced by, or the discharge permitted the retention of, a person of substantially younger age." *Coryell v. Bank One Trust Co.* (2004), 101 Ohio St.3d 175, paragraph one of the syllabus.

{¶18} If the employee is able to establish a prima facie case, the burden then shifts to the employer-defendant to provide a legitimate, nondiscriminatory reason for plaintiff's discharge. *Barker v. Scovill, Inc.* (1983), 6 Ohio St.3d 146, 148, modified by *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501, 505. Finally, if the employer does present permissible grounds for the dismissal, the employee must counter and prove by a preponderance of the evidence that the reasons which employer articulated for the firing were merely a pretext for unlawful discrimination. Id.

{¶19} Ohio Farmers does not dispute that it discharged Mr. Copley, who was forty years old at the time. Mr. Copley was replaced by a younger employee, although Ohio Farmers presented no further evidence in regard to this element. Ohio Farmers presented evidence, however, that Mr. Copley became unable and unqualified to perform his duties based on his conviction.

{¶20} Mr. Copley maintained the burden of establishing a prima facie case of age discrimination. He failed to meet his reciprocal burden under *Tompkins* to establish a prima facie case, however, because he failed to present any evidence to demonstrate that he was qualified for his employment position. Mr. Copley argues that he has established this prong of the test because he was initially qualified for his position. This reasoning, however, would

prevent an employer from ever terminating an employee within a protected class even with cause only because the employee was once competent to perform his job responsibilities. Such a result is illogical. Ohio Farmers submitted evidence in support of its motion for summary judgment, demonstrating that Mr. Copley was not qualified for the position in question because it required the employee to maintain an "Acceptable Driver" designation. The evidence established that Mr. Copley no longer qualified as an "Acceptable Driver" due to his felony conviction for reckless homicide of a pedestrian while Mr. Copley was driving a motor vehicle while under the influence. Mr. Copley conceded that Ohio Farmers had informed him that he could be terminated for failing to comply with the company driving policy. Although he averred that he "was in fact considered an 'Acceptable Driver,'" he did not aver that anyone at Ohio Farmers considered him to be such. He further failed to demonstrate how he could otherwise be considered an "Acceptable Driver" when the terms of the company driving policy expressly precluded his qualification as such after his reckless homicide conviction. Under the circumstances, Mr. Copley has failed to meet his reciprocal burden under *Tompkins* to respond by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial.

**{¶21}** Mr. Copley's sole assignment of error is overruled.

III.

**{¶22}** Mr. Copley's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

BELFANCE, P.J.
CONCURS IN JUDGMENT ONLY

DICKINSON, J.
CONCURS

APPEARANCES:

ERIC D. HALL, Attorney at Law, for Appellant.

JOHN J. HAGGERTY, Attorney at Law, for Appellee.