[Cite as *Gradisher v. Barberton Citizens Hosp.*, 2011-Ohio-6243.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

FRANCIS GRADISHER

    Appellant

    v.

BARBERTON CITIZENS HOSPITAL

    Appellee

C.A. No.      25809

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2007 10 7117

DECISION AND JOURNAL ENTRY

Dated: December 7, 2011

DICKINSON, Judge.

## INTRODUCTION

**{¶1}** Barberton Citizens Hospital fired Francis Gradisher after he violated several disciplinary rules. Mr. Gradisher sued the hospital for breach of implied contract, intentional infliction of emotional distress, promissory estoppel, and age discrimination. The trial court granted summary judgment to the hospital. Mr. Gradisher has appealed, assigning as error that the trial court incorrectly granted summary judgment to the hospital. We affirm because the trial court correctly granted summary judgment to the hospital on Mr. Gradisher's claims.

## AGE DISCRIMINATION

**{¶2}** Mr. Gradisher has argued that the trial court incorrectly granted summary judgment to the hospital on his age discrimination claim. Under Section 4112.02(A) of the Ohio

Revised Code, it is illegal "[f]or any employer, because of the . . . age . . . of any person, to discharge [the person] without just cause[.]" Under Section 4112.14(A), "[n]o employer shall . . . discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee."

{¶3}   "In the absence of direct evidence of discrimination, a plaintiff alleging age discrimination must establish a prima facie case using indirect evidence, by demonstrating (1) that he is a member of a protected class; (2) that he was qualified for the position in question; (3) that he suffered an adverse employment action despite his qualifications; and (4) that he 'was replaced by, or the discharge permitted the retention of, a person of substantially younger age.'" *Craddock v. Flood Co.*, 9th Dist. No. 23882, 2008-Ohio-112, at ¶12 (quoting *Coryell v. Bank One Trust Co. N.A.*, 101 Ohio St. 3d 175, 2004-Ohio-723, at paragraph one of the syllabus).  "If the plaintiff successfully establishes a prima facie case of age discrimination, the employer must articulate a legitimate, nondiscriminatory justification for the employment action.  The plaintiff may then prove by a preponderance of the evidence that the justification articulated by the employer is a pretext for discrimination.  At all times, however, 'the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff' remains with the plaintiff." *Id.* at ¶13 (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981) (citations omitted)).

{¶4}   The trial court granted summary judgment to the hospital because it determined that there was no direct evidence of age discrimination and Mr. Gradisher failed to establish a prima facie case of age discrimination using indirect evidence.  Regarding Mr. Gradisher's failure to establish a prima facie case, it noted that he had not submitted any evidence that the

hospital replaced him with a person of a substantially younger age or that his discharge allowed the hospital to retain a person of a substantially younger age.

{¶5} In his brief, Mr. Gradisher has argued that the hospital replaced him with or retained a person of a substantially younger age, but he has not directed this Court to any evidence in the record that supports his argument. The only evidence presented by either party was Mr. Gradisher's deposition. We have reviewed that deposition and have been unable to locate any testimony regarding whether Mr. Gradisher was replaced by a substantially younger person or whether the hospital was able to retain a substantially younger person because of his discharge. We, therefore, conclude that the trial court correctly determined that Mr. Gradisher failed to establish a prima facie case of age discrimination.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

{¶6} Mr. Gradisher has next argued that the trial court incorrectly granted summary judgment to the hospital on his intentional infliction of emotional distress claim. "In a case for intentional infliction of emotional distress, a plaintiff must prove (1) that the defendant intended to cause the plaintiff serious emotional distress, (2) that the defendant's conduct was extreme and outrageous, and (3) that the defendant's conduct was the proximate cause of plaintiff's serious emotional distress." *Phung v. Waste Mgmt., Inc.*, 71 Ohio St. 3d 408, 410 (1994). "Termination of employment, without more, does not constitute the outrageous conduct required to establish a claim of intentional infliction of emotional distress, even when the employer knew that the decision was likely to upset the employee." *Craddock v. Flood Co.*, 9th Dist. No. 23882, 2008–Ohio–112, at ¶20.

{¶7} According to Mr. Gradisher, the hospital's decision to discharge him without warning constituted severe and outrageous conduct. He has relied exclusively on that argument

even though we have repeatedly rejected it in previous cases. See *Cozzuli v. Sandridge Food Corp.*, 9th Dist. No. 10CA0109-M, 2011-Ohio-4878, at ¶17; *Copley v. Westfield Group*, 9th Dist. No. 10CA0054-M, 2011-Ohio-4708, at ¶16; *Shetterly v. WHR Health Sys.*, 9th Dist. No. 08CA0026-M, 2009-Ohio-673, at ¶17-18; *Craddock v. Flood Co.,* 9th Dist. No. 23882, 2008–Ohio–112, at ¶20. Moreover, despite our clear rejection of Mr. Gradisher's theory of liability, his brief proposes no new authority that would merit our reconsideration of this Court's existing law on this subject. We therefore take this opportunity to emphasize again that "termination alone does not establish intentional infliction of emotional distress." *Cozzuli*, 2011-Ohio-4878, at ¶18. The trial court correctly granted summary judgment to the hospital on Mr. Gradisher's intentional infliction of emotional distress claim.

IMPLIED CONTRACT AND PROMISSORY ESTOPPEL

**{¶8}** Mr. Gradisher has next argued that the trial court incorrectly granted the hospital summary judgment on his breach of implied contract and promissory estoppel claims. The doctrines of implied contract and promissory estoppel are two exceptions to the general rule that "employment situations of no fixed duration are presumed to be at-will" and terminable at any time for any lawful reason. *Shetterly v. WHR Health Sys.*, 9th Dist. No. 08CA0026–M, 2009–Ohio–673, at ¶6–12. An employee seeking to prove the existence of an implied contract "bears the heavy burden of demonstrating (1) assurances on the part of the employer that satisfactory work performance was connected to job security; (2) a subjective belief on the part of the employee that he could expect continued employment; and (3) indications that the employer shared the expectation of continued employment." *Craddock v. Flood Co.,* 9th Dist. No. 23882, 2008–Ohio–112, at ¶7. Regarding promissory estoppel, we have held that "[t]he test . . . is whether the employer should have reasonably expected its representation to be relied upon by its

employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee." *Shetterly*, 2009-Ohio-673, at ¶6 (quoting *Kelly v. Georgia-Pacific Corp.*, 46 Ohio St. 3d 134, 139 (1989)). "This exception requires 'specific representations' rather than [g]eneral expressions of optimism or good will. Standing alone, praise with respect to job performance and discussion of future career development will not modify the employment-at-will relationship." *Id.* (quoting *Craddock*, 2008-Ohio-112, at ¶8) (citations omitted)). "Whether a plaintiff proceeds under a theory of implied contract or promissory estoppel, . . . specific representations leading to an expectation of continued employment are essential." *Craddock*, 2008-Ohio-112, at ¶8; see *Wing v. Anchor Media Ltd. of Texas*, 59 Ohio St. 3d 108, paragraph two of the syllabus (1991).

{¶9} Mr. Gradisher has argued that he was a dedicated employee, that he performed his duties with skill and proficiency, and that he was led to believe that his employment was long-term. He has also argued that he received positive performance reviews and pay increases from the hospital.

{¶10} At his deposition, Mr. Gradisher admitted receiving, reading, and signing an employee handbook acknowledgement card that provided that "all employees are employed for an indefinite term and employment may be terminated without cause at any time, at the will of the . . . facility. This status can only be altered by a written contract of employment which is specific as to all material terms and is signed by both the employee and the Chief Executive Officer of [the hospital]." Mr. Gradisher did not submit a written contract of employment signed by himself and the hospital's chief executive officer. He also failed to identify any specific representations by his supervisors that suggested that his employment was not at-will. We, therefore, conclude that the trial court correctly granted summary judgment to the hospital on

Mr. Gradisher's breach of implied contract and promissory estoppel claims. Mr. Gradisher's assignment of error is overruled.

CONCLUSION

{¶11} The trial court correctly granted summary judgment to the hospital on Mr. Gradisher's age discrimination, intentional infliction of emotional distress, breach of implied contract, and promissory estoppel claims. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

BELFANCE, P.J.
WHITMORE, J.
<u>CONCUR</u>
<u>APPEARANCES</u>:

ERIC D. HALL, Attorney at Law, for Appellant.

FRANK G. MAZGAJ and JEFFREY E. SCHOBERT, Attorneys at Law, for Appellee.