DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiff-Appellant, James Craddock, appeals the order of the Summit County Court of Common Pleas that granted summary judgment to Defendant-Appellee, The Flood Company ("Flood"), on his employment claims. We affirm.
 {¶ 2} On January 14, 2005, Mr. Craddock was informed that his eleven-year employment with Flood would end effective February 4, 2005. Flood cited economic reasons for the decision to eliminate his position. Mr. Craddock filed a lawsuit against Flood later that year and then voluntarily dismissed the case. On October 18, 2006, he refiled the action, alleging claims for breach of contract, *Page 2 
promissory estoppel, age discrimination, and discharge in violation of public policy. The trial court granted summary judgment to Flood, and this appeal followed.
 ASSIGNMENT OF ERROR "The trial court erred in granting summary judgment when genuine issues of material fact existed as to [Mr. Craddock's] claims."
 {¶ 3} In his only assignment of error, Mr. Craddock argues that the trial court should not have granted summary judgment to Flood because his affidavit and deposition testimony demonstrated genuine issues of material fact. We disagree.
 Summary Judgment Standard {¶ 4} In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard a trial court is required to apply in the first instance: whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990),66 Ohio App.3d 826, 829. In applying this standard, evidence is construed in favor of the nonmoving party, and summary judgment is appropriate if reasonable minds could only conclude that judgment should be entered in favor of the movant. Horton v. Harwich Chem. Corp. (1995),73 Ohio St.3d 679, 686-87. Before the trial court may consider whether the moving party is entitled to judgment as a matter of law, however, it must *Page 3 
determine whether there are genuine issues of material fact for trial.Byrd v. Smith, 110 Ohio St.3d 24, 2006-Ohio-3455, at ¶ 12.
 {¶ 5} The moving party "`bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.'" Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, quotingDresher v. Burt (1996), 75 Ohio St.3d 280, 293. The nonmoving party then has a reciprocal burden to set forth specific facts, by affidavit or as otherwise provided by Civ.R. 56(E), which demonstrate that there is a genuine issue for trial. Byrd at ¶ 10.
 Breach of Contract and Promissory Estoppel {¶ 6} Under the employment at will doctrine, either party to an employment relationship may terminate the employment at any time, with or without cause, for any legal reason or for no reason at all. SeeMers v. Dispatch Printing Co. (1985), 19 Ohio St.3d 100, paragraph one of the syllabus. See, also, Wright v. Honda of Am. Mfg, Inc. (1995),73 Ohio St.3d 571, 574. Exceptions exist, however, when there is an express or implied contract of employment or when, through operation of promissory estoppel, an employee reasonably relies on representations of continued employment. See Mers at paragraphs two and three of the syllabus. *Page 4 
 {¶ 7} An employee who asserts employment pursuant to an implied contract bears the heavy burden of demonstrating (1) assurances on the part of the employer that satisfactory work performance was connected to job security; (2) a subjective belief on the part of the employee that he could expect continued employment; and (3) indications that the employer shared the expectation of continued employment. Moss v.Electroalloys Corp., 9th Dist. No. 02CA008111, 2003-Ohio-831, at ¶ 12, citing Walton v. Greater Cleveland Regional Transit Auth. (June 29, 2000), 8th Dist. No. 76274. An employee may recover under a theory of promissory estoppel in the context of an at-will employment relationship when "(1) the employer made a representation of continued employment that could be deemed a promise; (2) the employee relied upon the promise; (3) that reliance was reasonable and foreseeable; and (4) the employee was injured as a result of his reliance." Mazzitti v. GardenCity Group, Inc., 10th Dist. No. 06AP-850, 2007-Ohio-3285, at ¶ 29, citing Kelly v. Georgia-Pacific Corp. (1989), 46 Ohio St.3d 134, paragraph three of the syllabus and Jelinek v. Abbott Laboratories
(Sept. 13, 2001), 10th Dist. No. 01AP-217.
 {¶ 8} Whether a plaintiff proceeds under a theory of implied contract or promissory estoppel, therefore, specific representations leading to an expectation of continued employment are essential. See Wing v. AnchorMedia, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph two of the syllabus; Moss at ¶ 12. General expressions of optimism or good will are not enough. "Standing alone, praise with *Page 5 
respect to job performance and discussion of future career development will not modify the employment-at-will relationship." Helmick v.Cincinnati Word Processing, Inc. (1989), 45 Ohio St.3d 131, paragraph three of the syllabus.
 {¶ 9} Flood maintained that it was entitled to summary judgment on Mr. Craddock's breach of contract and promissory estoppel claims because he was an at-will employee with whom Flood did not have an express or implied contract for employment. In support of its motion for summary judgment, Flood produced the affidavits of Steven Bowman, Manager of Human Resources, and Richard Hille, Vice President of Operations, as well as Mr. Craddock's own deposition testimony in which he acknowledged his at-will status.
 {¶ 10} As evidence in support of his claims for breach of contract and promissory estoppel, Mr. Craddock referenced his deposition testimony of November 23, 2005, as well as an affidavit dated April 5, 2007. He pointed to his eleven-year employment with Flood; his record of positive performance evaluations; and a representation that he "could expect to be with the company for a long time." At the same time, however, Mr. Craddock conceded in his deposition that he understood from his date of hire that he was an at-will employee; that at least as early as 2001, he received and reviewed an employee handbook containing a disclaimer to that effect; that no one made a promise to him regarding continued employment; and that Flood was not required to employ him *Page 6 
for the duration of his career. With respect to this understanding, Mr. Craddock testified as follows:
 "Q: In the Complaint that was filed on your behalf there is an allegation that your discharge constituted a breach of contract. Mr. Craddock, are you aware of any oral or written contract between you and The Flood Company that addressed the duration of your employment?
 "A: Nothing that directly stated a timeframe, no.
 "Q: All right. Do you, as you sit here today, do you believe that when you were discharged by The Flood Company that you were discharged without just cause?
 "A: Yes, because I believe there was still work to do.
 "* * *
 "Q: Do you believe that when you worked for The Flood Company that The Flood Company was required to continually employ you for so long as there was work for you to do?
 "A: No, I don't believe they were required to do that."
 {¶ 11} Mr. Craddock acknowledged that he understood himself to be an at-will employee, agreed that Flood had no obligation to employ him into the future, and testified that he had no agreement with Flood for a specific term of employment. Even viewing the evidence in a light most favorable to Mr. Craddock, as we must, there is no genuine issue of material fact with respect to his implied contract and promissory estoppel claims. Summary judgment was properly granted to Flood. *Page 7 
 Age Discrimination {¶ 12} R.C. 4112.02(A) prohibits discrimination because of age "with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." In the absence of direct evidence of discrimination, a plaintiff alleging age discrimination must establish a prima facie case using indirect evidence, by demonstrating (1) that he is a member of a protected class; (2) that he was qualified for the position in question; (3) that he suffered an adverse employment action despite his qualifications; and (4) that he "was replaced by, or the discharge permitted the retention of, a person of substantially younger age." Coryell v. Bank One TrustCo. N.A., 101 Ohio St.3d 175, 2004-Ohio-723, at paragraph one of the syllabus. "A person is `replaced' only when another employee is hired or reassigned to perform that person's duties. A person is not replaced when another employee is assigned to perform the plaintiffs duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work." Atkinson v.Internatl. Technegroup, Inc. (1995), 106 Ohio App.3d 349, 359, citingBarnes v. GenCorp, Inc. (C.A.6, 1990), 896 F.2d 1457, 1465, certiorari denied (1990), 498 U.S. 878.
 {¶ 13} If the plaintiff successfully establishes a prima facie case of age discrimination, the employer must articulate a legitimate, nondiscriminatory justification for the employment action. See TexasDept. of Community Affairs v. *Page 8 Burdine (1981), 450 U.S. 248, 253. The plaintiff may then prove by a preponderance of the evidence that the justification articulated by the employer is a pretext for discrimination. Id. At all times, however, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains with the plaintiff. Id.
 {¶ 14} Mr. Craddock maintains that there is a genuine issue of material fact with respect to whether his termination permitted the retention of substantially younger employees. In the alternative, Mr. Craddock argues that there is a genuine issue of material fact with respect to the nondiscriminatory justification for his termination that was offered by Flood. As support for his argument, Mr. Craddock relies on his own affidavit. Because Mr. Craddock's affidavit is insufficient to establish genuine issues of material fact, however, we conclude that summary judgment was properly granted to Flood on his age discrimination claim.
 {¶ 15} An affidavit of a nonmoving party that contradicts earlier deposition testimony without sufficient explanation for the inconsistency cannot establish a genuine issue of material fact.Byrd, 2006-Ohio-3455, at ¶ 28-29. Consideration of an inconsistent affidavit offered by a nonmoving party requires two steps. In the first, we must determine whether the statements in the affidavit contradict or merely supplement the affiant's earlier testimony. Id. at ¶ 26. In the second step, we consider whether the affiant has offered a sufficient explanation for the inconsistency. Id. at ¶ 27-28. "A nonmoving party's contradictory affidavit must *Page 9 
sufficiently explain the contradiction before a genuine issue of material fact is created." Byrd at ¶ 29.
 {¶ 16} Mr. Craddock's affidavit contradicts his earlier deposition testimony with respect to three statements. In paragraphs three and four of his affidavit, Mr. Craddock stated:
 3) That initially I was told by the Defendant, The Flood Company, that I was being discharged from employment because of job performance.
 4) That the stated reason for my discharge later changed to an economic reason. The Defendant claimed that it needed to eliminate my position to save the company money.
In his deposition testimony, however, Mr. Craddock denied that work performance was mentioned as the reason for his termination and testified that economic reasons were provided at the time he was informed of the termination on January 14, 2005. In paragraph seven of the affidavit, Mr. Craddock reiterated an allegation set forth in his complaint, "[t]hat the Defendant has in the past engaged in a pattern of discharging older employees." When asked about this allegation in his deposition, however, Mr. Craddock testified that he only knew that some workers had left employment with Flood and agreed that he had no knowledge of the circumstances under which other employees left.
 {¶ 17} Paragraphs three, four, and seven of Mr. Craddock's affidavit are inconsistent with his earlier deposition testimony and can only create a genuine issue of material fact to the extent that the affidavit provides sufficient explanation *Page 10 
for the discrepancies. In this case, no explanation has been provided, and Mr. Craddock cannot rely upon the assertions set forth in these paragraphs to create a genuine issue of material fact.
 {¶ 18} Paragraph five of Mr. Craddock's affidavit does not demonstrate a genuine issue of material fact for a different reason. Civ.R. 56(E) describes the burden on the nonmoving party:
 "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."
"Genuine" issues of fact, for purposes of Civ.R. 56, are those which are "real, not abstract, frivolous, or merely colorable." Weber v. AntiochUniv. (Mar. 8. 1995), 2d. Dist. No. 94-CA-83, at *2. In paragraph five of his affidavit, Mr. Craddock stated that Flood "retained other employees younger that [sic] 40 years old as a result of my discharge." This statement does not conflict with his deposition testimony because, while he testified that his job duties were assumed by several individuals in his age bracket, he did not testify about whether his termination permitted Flood to retain younger workers. Instead it reiterates, without elaboration, an allegation set forth in Mr. Craddock's complaint. Any apparent issue of fact created by this allegation is not genuine for purposes of summary judgment and is insufficient to meet the nonmovant's burden under Civ.R. 56. *Page 11 
 {¶ 19} The affidavits of Mr. Hille and Mr. Bowman, and Mr. Craddock's own deposition testimony, demonstrate that there is no genuine issue of material fact with respect to the circumstances surrounding his termination. Summary judgment was properly granted to Flood on Mr. Craddock's age discrimination claim.
 Intentional Infliction of Emotional Distress {¶ 20} To prevail on a claim of intentional infliction of emotional distress, a plaintiff must establish "(1) that the defendant intended to cause the plaintiff serious emotional distress, (2) that the defendant's conduct was extreme and outrageous, and (3) that the defendant's conduct was the proximate cause of plaintiffs serious emotional distress."Phung v. Waste Mgt, Inc. (1994), 71 Ohio St.3d 408, 410. Termination of employment, without more, does not constitute the outrageous conduct required to establish a claim of intentional infliction of emotional distress, even when the employer knew that the decision was likely to upset the employee. See Mendlovic v. Life Line Screening of Am.,Ltd., 173 Ohio App.3d 46, 2007-Ohio-4674, at ¶ 49.
 {¶ 21} Mr. Craddock's position is that Flood is liable for intentional infliction of emotional distress due solely to the fact that it terminated his employment. He testified in his deposition to this effect:
 "I believe that I was paid a good salary, which cost the company money, I was older, and my age was up, approaching a retirement age * * * it was certain that the company knew the economic situation of the area and it was going to be very difficult for me to find any *Page 12 
kind of job that would provide me with a similar pay and similar security."
He identified the financial strain of lost employment as the distress and injury that he suffered and agreed that Flood treated him respectfully at the time of his termination and in the weeks following. Mr. Craddock stated that he did not seek counseling or anything other than routine medical treatment. There was no genuine issue of material fact with respect to his intentional infliction of emotional distress claim, and summary judgment was properly granted to Flood.
 Wrongful Discharge {¶ 22} In Leininger v. Pioneer Nat'l Latex, 115 Ohio St.3d 311,2007-Ohio-4921, which was decided one week before Appellant filed his brief in this appeal, the Supreme Court of Ohio held that "[a] common-law tort claim for wrongful discharge based on Ohio's public policy against age discrimination does not exist, because the remedies in R.C. Chapter 4112 provide complete relief for a statutory claim for age discrimination." Id. at syllabus. Because there is no basis in law for Mr. Craddock's wrongful discharge claim premised on age discrimination, Flood was entitled to summary judgment on that claim.
 {¶ 23} Mr. Craddock's assignment of error is overruled, and the judgment of the trial court is affirmed.
 Judgment affirmed. *Page 13 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 WHITMORE, J., DICKINSON, J., CONCUR *Page 1