[Cite as *James v. Greenleaf Family Ctr.*, 2017-Ohio-7593.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| MONITA JAMES | | C.A. No. 28490 |
|---|---|---|
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| GREENLEAF FAMILY CENTER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. CV 2016 04 2074 |

DECISION AND JOURNAL ENTRY

Dated: September 13, 2017

HENSAL, Presiding Judge.

{¶1} Monita James appeals a judgment of the Summit County Court of Common Pleas that granted summary judgment to Greenleaf Family Center. For the following reasons, this Court affirms.

I.

{¶2} Ms. James worked at Greenleaf as a community health worker. She was fired in 2015, allegedly because she was not certified for her position and misled her supervisors about whether she had the required certification. Following her dismissal, Ms. James sued Greenleaf, alleging that her termination violated public policy and constituted age discrimination. Greenleaf moved for summary judgment, which the trial court granted. Ms. James has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE FINAL ORDER GRANTING SUMMARY JUDGMENT LACKED JURISDICTION AS THE MOTION WAS DECIDED BY A VISITING JUDGE WITH NEITHER NOTICE NOR ANY JOURNAL ENTRY APPOINTING A VISITING JUDGE.

{¶3} Ms. James argues that the trial court's judgment was invalid because she did not learn that a visiting judge had been assigned to the case until after it granted summary judgment to Greenleaf. According to Ms. James, because of the lack of notice, she was unable to object to the transfer or adjust her response to Greenleaf's motion for summary judgment before the court granted the motion.

{¶4} Article IV, Section 6(C) of the Ohio Constitution authorizes the Chief Justice of the Ohio Supreme Court to assign a retired judge to active duty. *See State v. Dawson*, 9th Dist. Summit No. 28311, 2017-Ohio-2833, ¶ 41. The record indicates that the Chief Justice assigned a retired judge to this case 20 days before the court granted summary judgment to Greenleaf. Although Ms. James argues that the transfer was "irregular," she has not pointed this Court to any rule, statute, or constitutional provision that the assignment violated. She cites *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, but that case involved a magistrate who improperly attempted to assign a case to a visiting judge, which is not the same situation as this case. *Id*. at ¶ 16, citing Sup.R. 4(B). To the extent that Ms. James is making a due process argument, she has not established that a court must notify parties when a case has been transferred to a new judge, let alone that a failure to do so constitutes reversible error. We, therefore, conclude that Ms. James has not demonstrated that the visiting judge did not have authority to rule on Greenleaf's motion for summary judgment. Ms. James's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT
ON THE CLAIM FOR TERMINATION IN VIOLATION OF PUBLIC POLICY
AS THERE WERE FACTUAL DISPUTES TO BE RESOLVED BY A JURY.

{¶5} Ms. James next argues that the trial court incorrectly granted Greenleaf summary judgment on her wrongful discharge claim. Under Civil Rule 56(C), summary judgment is appropriate if:

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶6} Ms. James argues that her termination violated public policy because it occurred after she asked questions about the possible embezzlement of funds that had been designated to help Greenleaf's clients. Ohio law recognizes an exception to at-will employment when an employee's termination violates a statute and "thereby contravenes public policy." *Greeley v. Miami Valley Maintenance Contrs., Inc.*, 49 Ohio St.3d 228 (1990), paragraph two of the syllabus. To establish a claim for wrongful discharge in violation of public policy, an employee must establish that: (1) a "clear public policy existed and was manifested in a state or federal

constitution, statute or administrative regulation, or in the common law (the clarity element)"[;] (2) "dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element)"[;] (3) "[t]he plaintiff's dismissal was motivated by conduct related to the public policy (the causation element)" [;] and (4) "[t]he employer lacked overriding legitimate business justification for the dismissal (the overriding justification element)." (Emphasis omitted.) *Dohme v. Eurand Am., Inc.*, 130 Ohio St.3d 168, 2011-Ohio-4609, ¶ 12–16, quoting *Painter v. Graley*, 70 Ohio St.3d 377, 384 (1994), fn. 8.

**{¶7}** The clarity element is dispositive of Ms. James's claim. In its motion for summary judgment, Greenleaf argued that Ms. James could not cite to a specific source of public policy that it violated when it discharged her. In her opposition brief, Ms. James noted that she inquired about the reason the value of the gift cards that Greenleaf provided its clients kept dropping and argued that "[i]nquiring about possible thefts or misappropriations is a legitimate ground for a 'Greeley' claim of termination in violation of public policy." She then provided a "[s]ee" citation to two cases, *McKnight v. Goodwill Industries*, 9th Dist. Lorain No. 99CA007504, 2000 WL 1257810 (Sept. 6, 2000), and *Bailey v. Priyanka Inc.*, 9th Dist. Summit No. 20437, 2001 WL 1192731 (Oct. 10, 2001).

**{¶8}** In *Dohme*, the Ohio Supreme Court explained that, "[t]o satisfy the clarity element of a claim of wrongful discharge in violation of public policy, a terminated employee must articulate a clear public policy by citation of specific provisions in the federal or state constitution, federal or state statutes, administrative rules and regulations, or common law." *Dohme* at syllabus. It also explained that mere citation to the syllabus of a case is "insufficient to meet the burden of articulating a clear public policy * * *." *Id.* at ¶ 21.

**{¶9}** Ms. James did not articulate a clear public policy in her opposition to summary judgment. Like in *Dohme*, she "only generally mentioned or identified any legal basis for a statewide policy" of inquiring about possible thefts or misappropriations. *Id*. This Court is prohibited from "fill[ing] in the blanks" in her response. *Id*. at ¶ 23. We, therefore, conclude that Ms. James failed to establish the clarity element of her wrongful discharge claim and that the trial court correctly granted summary judgment to Greenleaf on that claim. *See id*. at ¶ 24-25. Ms. James's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

> THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT ON THE AGE DISCRIMINATION CLAIM AS THERE WERE FACUTAL DISPUTES TO BE RESOLVED BY A JURY.

**{¶10}** Ms. James also argues that the trial court incorrectly granted summary judgment to Greenleaf on her age discrimination claim. Ms. James alleged that Greenleaf discriminated against her in violation of Revised Code Section 4112.14(A), which provides that "[n]o employer shall * * * discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee."

**{¶11}** Ms. James has not pointed to any direct evidence that Greenleaf terminated her because of her age. In the absence of direct evidence, a plaintiff must establish a prima facie case of discrimination by indirect evidence, demonstrating:

> (1) that he or she was a member of the statutorily protected class, (2) that he or she was discharged, (3) that he or she was qualified for the position, and (4) that he or she was replaced by, or that the discharge permitted the retention of, a person not belonging to the protected class.

*Coryell v. Bank One Trust Co., N.A.*, 101 Ohio St.3d 175, 2004-Ohio-723, ¶ 9, quoting *Kohmescher v. Kroger Co.*, 61 Ohio St.3d 501 (1991), syllabus. "If the plaintiff successfully

establishes a prima facie case of age discrimination, the employer must articulate a legitimate, nondiscriminatory justification for the employment action." *Craddock v. Flood Co.*, 9th Dist. Summit No. 23882, 2008-Ohio-112, ¶13. "The plaintiff may then prove by a preponderance of the evidence that the justification articulated by the employer is a pretext for discrimination. At all times, however, 'the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff' remains with the plaintiff." (Citations omitted). *Id.*, quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

{¶12} The trial court determined that there was no dispute that Ms. James lacked the certification required for her position. It, therefore, concluded that she was not qualified for her position and that she had failed to establish a necessary element of her age discrimination claim. In her brief, Ms. James focuses on whether she was replaced by someone substantially younger than her, which is an element of the prima facie case that the trial court did not discuss in its decision. She has not developed an argument regarding whether she was qualified for her position, which is the element that the trial court found dispositive. It is not this Court's responsibility to construct an argument for her. *See City of Akron v. Akron Firefighters Assn.*, 9th Dist. Summit No. 27119, 2015-Ohio-994, ¶ 16. Accordingly, upon review of the record, we conclude that Ms. James has failed to establish that the trial court incorrectly granted summary judgment to Greenleaf on her age discrimination claim. Ms. James's third assignment of error is overruled.

III.

{¶13} Ms. James's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

PAUL L. JACKSON and KAREN D. ADINOLFI, Attorneys at Law, for Appellee.