[Cite as *Brunaugh v. Anomatic Corp.*, 2025-Ohio-4833.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THOMAS BRUNAUGH | Case No. 2025 CA 00019 |
| Plaintiff - Appellant | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Licking County Court of Common Pleas, Case No. 24CV00676 |
| ANOMATIC CORPORATION | Judgment: Affirmed |
| Defendant – Appellee | Date of Judgment Entry: October 21, 2025 |

**BEFORE:** Craig R. Baldwin, William B. Hoffman, David M. Gormley, Appellate Judges

**APPEARANCES:** James R. Cooper, for Plaintiff-Appellant; Fred G. Pressley, Jr., Kelsey S. Gee, Porter Wright Morris & Arthur LLP, for Defendant-Appellee

OPINION

*Hoffman, J.*

**{¶1}** Plaintiff-appellant Thomas Brunaugh appeals the March 19, 2025 Judgment Entry entered by the Licking County Court of Common Pleas, which granted defendant-appellee Anomatic Corporation's Motion to Dismiss pursuant to Civ.R. 12(B)(6).

STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellant worked for Anomatic Corporation ("Anomatic") from 2014, through June, 2022. During his employment, Anomatic provided Appellant with a copy of its Hourly Employee Handbook ("the Handbook"). The Handbook includes an Employee Handbook Acknowledgement page, which contains, under the heading "'At Will' Employment," the following disclaimer:

> By signing the acknowledgement at the end of this handbook, you acknowledge receipt and acceptance of your responsibility to read the policies summarized in the Handbook. You also agree and acknowledge that your employment and compensation is "at will" and can be terminated, for any reason at any time, at the option of either the Company or yourself. You understand that no manager or other representative of the Company, other than the President & CEO, COO, and/or Vice President Human Resources, has any authority to enter into any agreement for employment for any specified period of time, or to make any agreement contrary to the foregoing and that no employee handbook or policy may be construed to the contrary or interpreted as a contract or guarantee of employment.

Anomatic Hourly Employee Handbook.

**{¶3}** In addition, Section VII of the Handbook provides:

Furthermore, statements of specific grounds for termination set forth in this handbook or any other documents are not intended to restrict Anomatic's right to terminate employees under its employment-at-will policy.

*Id*. at p. 24.

**{¶4}** Section VIII of the Handbook similarly provides:

This handbook is NOT A CONTRACT OF EMPLOYMENT.  Just as you have the right to resign at any time for any reason, the Company has the same right to end the employment relationship, regardless of the reason. No representations by any Company manager or officer can alter this relationship, unless in writing, by the Vice President.

*Id*. at p. 25.

**{¶5}** On October 29, 2015, Appellant signed the acknowledgement, confirming his receipt of the Handbook.  Anomatic terminated Appellant's employment on June 14, 2022, after Appellant violated Anomatic policies.

**{¶6}** On May 30, 2024, Appellant filed a complaint against Anomatic, alleging causes of action for breach of contract, promissory estoppel, and breach of public policy. By consent of the parties and counsel, Anomatic was given until on or before July 31, 2024, to move or plead in response to Appellant's complaint. On July 31, 2024, Anomatic filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

**{¶7}** In its motion to dismiss, Anomatic maintained Appellant failed to state a claim for breach of contract. Anomatic explained, contrary to Appellant's assertion, Appellant did not have an employment contract with Anomatic, but was an at-will employee who could be terminated at any time. Specifically, Anomatic asserted Appellant not only failed to attach the written contract to his complaint as required by Civ.R. 10(D), but also failed to attach any documents to establish he had an employment contract. Anomatic added Appellant did not plead any facts outlining the terms and conditions of his employment. In his memorandum in opposition, Appellant countered the policies set forth in the Handbook as well as representations made to Appellant and other employees could not be negated by the presence of a disclaimer in the Handbook.

**{¶8}** Via Judgment Entry filed March 19, 2025, the trial court granted Anomatic's motion to dismiss. With respect to Appellant's breach of contract claim, the trial court found, "Under these circumstances, the presence of an employee handbook, including its repeated statement that [Appellant's] employment was at will, coupled with [Appellant's] clear acknowledgement of the same, precludes any employment agreement based upon terms other than those in the handbook." March 19, 2025 Judgment Entry at p. 6. The trial court concluded the Handbook provided for at-will employment; therefore, Appellant was an at-will employee and could not recover for breach of contract.

**{¶9}** As to Appellant's promissory estoppel claim, the trial court found Appellant, by signing the Handbook, acknowledged his understanding his employment was at-will and could be terminated at any time, for any reason, by either party. The trial court concluded, "Nothing about such an understanding constitutes a promise of continued employment or any manner or extent of job security[;]" therefore, Appellant could not recover for promissory estoppel. *Id*. at p. 7. Regarding Appellant's claim Anomatic violated public policy, the trial court found the averments in Appellant's complaint failed to identify any "constitutional, statutory, regulatory, administrative, or other provision of law embodying any policy precluding his termination," did "not allege that his termination was motivated by conduct related to public policy," and did "not assert that [Anomatic] was without an overriding legitimate business interest justifying the dismissal." *Id*. at pp. 7-8.

**{¶10}** It is from this judgment entry Appellant appeals, raising as his sole assignment of error:

THE COURT OF COMMON PLEAS OF LICKING COUNTY, OHIO, COMMITTED ERROR IN ITS JUDGMENT AND ENTRY WHICH GRANTED THE MOTION OF DEFENDANT TO DISMISS THE COMPLAINT OF PLAINTIFF FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6) OF THE OHIO RULES OF CIVIL PROCEDURE.

I

{¶11} In his sole assignment of error, Appellant contends the trial court erred in granting Anomatic's Civ.R. 12(B)(6) motion to dismiss.

*Standard of Review*

{¶12} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St.3d 228, (1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey County Board of Commissioners,* 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber,* 57 Ohio St.3d 56 (1991). But we need not accept as true any unsupported and conclusory legal propositions presented in the complaint. *Bullard v. McDonald's*, 2021-Ohio-1505, ¶ 11 (10th Dist.).

{¶13} Under the notice pleading requirements of Civ.R. 8(A)(1), the plaintiff only needs to plead sufficient, operative facts to support recovery under his claims. *Beem v. Thorp*, 2017-Ohio-2967, ¶ (5th Dist.), citing *Grossniklaus v. Waltman*, 2010–Ohio–2937, ¶ 26 (5th Dist.), citing *Doe v. Robinson*, 2007–Ohio–5746, ¶ 17 (6th Dist.) Nevertheless, to constitute fair notice, the complaint must still allege sufficient underlying facts which relate to and support the alleged claim, and may not simply state legal conclusions. *Id*., citing *DeVore v. Mut. of Omaha Ins. Co.*, 32 Ohio App.2d 36, 38 (1972).

*At-Will Employment*

**{¶14}** Ohio is an employment at-will state. *Dohme v. Eurand Am., Inc.*, 2011-Ohio-4609, ¶ 11. Either party to an employment-at-will agreement may terminate the employment relationship for any reason which is not contrary to law. *Mers v. Dispatch Printing Co.*, 19 Ohio St.3d 100, 103 (1985). Stated another way, an employee can be terminated for good cause, bad cause, or no cause at all. *Phung v. Waste Mgt., Inc.,* 23 Ohio St.3d 100, 102 (1986).

**{¶15}** "An employment relationship is terminable at the will of either party unless expressly stated otherwise." (Citation omitted.) *Henkel v. Educational Research Council of Am.,* 45 Ohio St.2d 249, 255 (1976). However, the employment at-will doctrine is subject to certain exceptions, including: (1) the existence of an implied or express contract which alters the terms of discharge; (2) the existence of promissory estoppel where representations or promises were made to an employee; and (3) wrongful discharge in violation of public policy. *Bidwell v. Children's Med. Ctr.*, 1997 WL 736497, at *6 (2nd Dist. Nov. 26, 1997).

**{¶16}** We find Appellant was an at-will employee. His complaint was devoid of facts to establish any of the exceptions to the at-will employment doctrine. Our reasons follow.

*Breach of Contract*

**{¶17}** "A contract is (1) an agreement, (2) with consideration (i.e., quid pro quo), (3) between two or more parties, and (4) to do or not to do a particular thing." (Citations omitted.) *O'Brien v. Ohio State Univ.*, 2007-Ohio-4833, ¶ 44 (10th Dist.). "The necessary elements of a valid contract include an offer, acceptance, contractual capacity,

consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object of consideration." (Citations omitted.) *Ayad v. Radio One, Inc.*, 2007-Ohio-2493, ¶ 25 (8th Dist.). There must be a meeting of the minds as to the essential terms of the agreement. *Id*. In order to prove a breach of contract, a plaintiff must establish (1) the existence and terms of a contract, (2) the plaintiff's performance of the contract, (3) the defendant's breach of the contract, and (4) damage or loss to the plaintiff. (Citation omitted.) *O'Brien* at ¶ 44.

**{¶18}** Generally, employee handbooks do not constitute an employment contract. *Stembridge v. Summit Acad. Mgmt.,* 2006–Ohio–4076, ¶ 27 (9th Dist.), citing *Rudy v. Loral Defense Sys.,* 85 Ohio App.3d 148, 152 (9th Dist. 1993). Employee manuals and handbooks are usually insufficient, by themselves, to create a contractual obligation upon an employer. *Gargasz v. Nordson Corp.*, 68 Ohio App.3d 149, 155 (9th Dist. 1991), quoting *Manofsky v. Goodyear Tire & Rubber Co.*, 69 Ohio App.3d 663 (9th Dist. 1990). Evidence of an employee handbook may be considered when deciding whether an implied contract exists, but its existence alone is not dispositive of the question. *Wright v. Honda of Am. Mfg., Inc.*, 73 Ohio St.3d 571, 574–575 (1995).

**{¶19}** Appellant contends the progressive disciplinary procedures set forth in the Handbook "created expectations relied upon by [Appellant] as to continued employment." Brief of Appellant at p.6. In support of his contention, Appellant cites *Bidwell v. Children's Med. Ctr.*, 1997 WL 736497, *21 (2nd Dist. Nov. 26, 1997), and *Mecurio v. Therm–O– Disc, Inc.*, 92 Ohio App.3d 131, 136 (5th Dist. 1993). We find both cases to be distinguishable.

**{¶20}** In *Bidwell*, supra, the employer had a progressive discipline policy with a three-step procedure. *Bidwell*, 1997 WL 736497 at *7. The *Bidwell* Court found the statement in the disciplinary policy was a promise on the employer's part employees would not be discharged without just cause, thereby creating an implied contract. *Id*. The Court found the employer "was required to comply with the procedures it created for employee discipline, grievances, and sick leave," but failed to do so. *Id*. The Court noted the employer could have informed its employees the progressive discipline policy had no legal meaning, but "chose not to include any type of disclaimer in its policies and procedures, nor were employees required to sign statements acknowledging that the handbook was not a contract." *Id*.

**{¶21}** In contrast to *Bidwell*, the Handbook herein included a disclaimer, which Appellant signed, acknowledging the Handbook was not an employment contract. "Absent fraud in the inducement, a disclaimer in an employee handbook stating that employment is at will precludes an employment contract other than at will based upon the terms of the employee handbook." *Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108, paragraph one of the syllabus (1991). Appellant did not allege fraud in the inducement.

**{¶22}** In *Mecurio v. Therm–O–Disc, Inc.*, supra, the employer had a corrective action policy, which listed a series of rules, violations of which could result in punishment, up to and including discharge. *Id*. at 136. The policy provided a four-step corrective action procedure. Although bound to do so, the supervisor did not follow the corrective action policy prior to terminating the employee. *Id*. at 137.

**{¶23}** This Court found, while "[t]he existence of a disciplinary procedure does not in and of itself alter the employment-at-will relationship. * * * However, in certain circumstances, a cause of action for breach of an implied contract may lie where the company does not comply with its disciplinary procedure before discharge." (Citations omitted.) *Id*. at 136. This Court further found, while the employee handbook included a disclaimer, which preserved the employment-at-will relationship, the corrective action policy did not include such a disclaimer; therefore, the handbook disclaimer could not limit any rights established solely by the corrective action policy. *Id*. at 137.

**{¶24}** In the instant matter, the Handbook does not include any policies or procedures with which Anomatic was required to comply during the course of disciplinary actions. While the Handbook included a list of violations which "may result in suspension or discharge after the first offense," Section VII expressly states:

> The Working Rules and Regulations included here are meant to be used as guidelines for employee behavior, which will create the optimal working atmosphere here at Anomatic. They are not all-inclusive and may be amended as the need arises. The Company will generally use the progressive discipline schedule noted. However, in cases of extreme conduct, or frequent offenses or numerous rules, more serious and immediate discipline may be necessary.
>
> Furthermore, statements of specific grounds for termination set forth in this handbook or any other documents are not intended to restrict Anomatic's right to terminate employees under its employment at-will policy.

**{¶25}** We find the Working Rules and Regulations do not create an implied contract of continued employment. Accordingly, because Appellant failed to set forth sufficient facts to establish an implied contract was created, we find the trial court properly dismissed his breach of contract claim.

*Promissory Estoppel*

**{¶26}** Regarding promissory estoppel, "[t]he test ... is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee." *Shetterly v. WHR Health Sys.,* 2009-Ohio-673, ¶ 6 (9th Dist.), quoting *Kelly v. Georgia–Pacific Corp.,* 46 Ohio St.3d 134, 139 (1989). "This exception requires 'specific representations' rather than [g]eneral expressions of optimism or good will. Standing alone, praise with respect to job performance and discussion of future career development will not modify the employment-at-will relationship." (Citations omitted.) *Id.* "Whether a plaintiff proceeds under a theory of implied contract or promissory estoppel, ... specific representations leading to an expectation of continued employment are essential." *Craddock v. Flood Co.,* 2008-Ohio-112, ¶ 8 (9th Dist.); *Wing v. Anchor Media Ltd. of Texas,* 59 Ohio St.3d 108, paragraph two of the syllabus (1991).

**{¶27}** The elements necessary to establish a claim for promissory estoppel are: (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party

claiming estoppel must be injured by the reliance. *Stull v. Combustion Engineering, Inc.,* 72 Ohio App.3d 553, 557 (3rd Dist. 1991).

{¶28} In his complaint, Appellant alleged:

7. [Anomatic] issued company rules and policies which contained representations that included procedures for discipline and that it would not terminate an employee for reasons apart or contrary to [Anomatic's] policies and procedures. * * *

8. [Appellant] relied to his detriment on such representations but was nevertheless terminated from his employment.

{¶29} Contrary to the allegations in Appellant's complaint, the Handbook does not contain language advising an employee he could not be terminated for reasons apart from or contrary to Anomatic's policies and procedures. Rather, the Handbook provides, as set forth supra, the opposite.

{¶30} Appellant failed to present any facts which establish Anomatic made a clear and unambiguous promise to him regarding his continued employment. Appellant's reliance on the policies and procedures set forth in the Handbook as establishing a contract for continued employment is unreasonable. The Handbook explicitly and repeatedly states employees are at-will, subject to termination at any time and for any reason. Appellant signed the disclaimer acknowledging he understood his employment was at-will.

**{¶31}** Based upon the foregoing, we find the trial court properly dismissed Appellant's promissory estoppel claim as "it appears beyond doubt that [Appellant] can prove no set of facts that would entitle him to relief." *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242, syllabus (1975).

*Violation of Public Policy*

**{¶32}** The termination of an at-will employee usually does not give rise to an action for damages. *Dohme v. Eurand Am., Inc.*, 2011-Ohio-4609, ¶ 11, citing *Collins v. Rizkana*, 73 Ohio St.3d 65, 67 (1995); *Mers v. Dispatch Printing Co*., 19 Ohio St.3d 100, paragraph one of the syllabus (1985). However, if an employee is discharged "in contravention of the Ohio or U.S. Constitution, federal or state statutes, administrative rules and regulations, or Ohio common law, 'a cause of action for wrongful discharge in violation of public policy may exist as an exception to the general rule.'" *Id*., citing *Painter v. Graley*, 70 Ohio St.3d 377, paragraph three of the syllabus (1993); *Greeley v. Miami Valley Maintenance Contrs., Inc*., 49 Ohio St.3d 228, paragraph one of the syllabus (1990).

**{¶33}** To prevail on a claim of wrongful discharge in violation of public policy, a party must show the following, which is referred to as the *Painter* test:

1. That clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element).

2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element).

3. The plaintiff's dismissal was motivated by conduct related to the public policy (the causation element).

4. The employer lacked overriding legitimate business justification for the dismissal (the overriding justification element).

(Internal quotations omitted.) *Painter v. Graley*, 70 Ohio St.3d at 384, fn. 8, quoting Perritt, The Future of Wrongful Dismissal Claims: Where Does Employer Self–Interest Lie? (1989), 58 U.Cin.L.Rev. 397, 398–399.

**{¶34}** The clarity and jeopardy elements of the *Painter* test are issues of law for the court's determination; the causation and overriding-justification elements are questions for determination by the fact-finder. *Collins v. Rizkana*, 73 Ohio St.3d at 70.

**{¶35}** In order "to satisfy the clarity element of a claim of wrongful discharge in violation of public policy, a terminated employee must articulate a clear public policy by citation of specific provisions in the federal or state constitution, federal or state statutes, administrative rules and regulations, or common law." *Dohme v. Eurand Am., Inc.*, 2011-Ohio-4067 at ¶ 24. We find Appellant failed to meet his requisite burden to articulate, by citation to its source, the specific public policy Anomatic violated when it discharged him. Appellant's complaint simply alleges, Anomatic's "acts violated protected activity of [Appellant] under law and violated public policy." Complaint at ¶ 11.

**{¶36}** Because Appellant failed to establish his discharge was in contravention of a clear public policy articulated in the Ohio or United States Constitution, federal or state statutes, administrative rules and regulations, or common law (the clarity element), the trial court properly dismissed his claim of wrongful discharge in violation of public policy.

**{¶37}** Appellant's sole assignment of error is overruled.

**{¶38}** The judgment of the Licking County Court of Common Pleas is affirmed. Costs to Appellant.

By: Hoffman, J.

Baldwin, P.J. and

Gormley, J. concur